IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | M-24-906-SM |
| ) | |
| $165,354.00 IN UNITED STATES ) CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION TO EXTEND TIME TO FILE COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN INDICTMENT ALLEGING FORFEITURE**

The United States, as authorized by 18 U.S.C. § 983(a)(3)(A), moves the Court for good cause to extend the time in which the United States is required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture from December 15, 2024, to February 13, 2025, regarding property to which a claim has been filed by Xin Chen, in a nonjudicial civil forfeiture proceeding by the U.S. Department of Homeland Security ("HSI"). The seized property is $165,354.00 in United States currency ("the Property"). Good cause for such an extension is described below in the Memorandum in support of this Motion.

The United States represents to the Court as follows:

1. All of the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) required to be sent by HSI to interested parties has been sent.

2.      No other person has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

3.      The time has expired for any person to file a claim to the property under 18 U.S.C. § 983(a)(2)(A)-(E).

4.      The United States has attached to this Motion a proposed Order Extending Time to File Complaint for Forfeiture and/or To Obtain Indictment Alleging Forfeiture.

## **MEMORANDUM**

18 U.S.C. § 983(a)(3)(A)-(C) state:

(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not –
    (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
    (ii) before the time for filing a complaint has expired –
        (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
        (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

On July 19, 2024, HSI seized $165,354.00 in U.S. Currency from Xin Chin at the Will Rogers Airport in Oklahoma City, Oklahoma.

On September 16, 2024, Xin Chen filed a claim to the property with HSI in a nonjudicial civil forfeiture proceeding against the property.

Under 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause, the United States is required to file a complaint for forfeiture against the property or to obtain an indictment alleging that the property is subject to forfeiture no later than December 15, 2024. If the United States fails to do so, it is required to release the property and may not take any further action to effect the civil forfeiture of the property in connection with the underlying offense.

The United States asserts that there is good cause to extend the date to December 15, 2024, based on an ongoing criminal investigation regarding the conduct giving rise to the forfeiture of the property and expects that it will obtain an indictment alleging that the property is subject to forfeiture on or before February 13, 2025. The extension would require only a short extension of the statutory deadline and prevent the unnecessary expenditure of public resources and funds by making it unnecessary to file a civil complaint for forfeiture against the property followed by an indictment alleging that the property is subject to forfeiture.

The United States represents to the Court that if the time is not extended and the United States returns the property to the defendant, there is no assurance that the property will be available for forfeiture or potential return to the claimant.

## **CONCLUSION**

For the foregoing good cause, the United States respectfully requests that the Court extend the period in which the United States is required to file a complaint against the property and/or to obtain an indictment alleging that the property is subject to forfeiture until February 13, 2025.

    Respectfully submitted,

    ROBERT J. TROESTER
    United States Attorney

    s/ Danielle M. Connolly
    DANIELLE M. CONNOLLY
    Assistant United States Attorney
    Oklahoma Bar Number: 33148
    210 Park Avenue, Suite 400
    Oklahoma City, Oklahoma 73102
    Office: (405) 553-8700
    Fax: (405) 553-8888
    danielle.connolly@usdoj.gov